IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDALL S. KRAUSE,<br><br>                Plaintiff,<br><br>   vs.<br><br>CITY OF OMAHA,<br><br>                Defendant. | 8:15CV197<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss (Filing No. 8) filed by Defendant City of Omaha (the "City"). For the reasons stated below, the Motion will be granted.

## BACKGROUND

On June 2, 2015, Plaintiff Randall S. Krause ("Krause") filed a Complaint (Filing No. 1) seeking a declaration that the City's application of sodium chloride ("NaCl") and sodium ferrocyanide ("NaFe(CN)") (hereafter referred to collectively as "road salt") applied to municipal roadways during winter weather events constitutes solid waste disposal under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6992 ("RCRA"). Krause also seeks an order enjoining the City from applying road salt on the sections of streets that are in a floodplain. For purposes of the pending motion, Krause's well-pled facts are accepted as true, though the Court need not accept proposed conclusions of law. The following is a summary of the Krause's factual allegations.

On March 31, 2015, and on April 2, 2015, Krause sent a letter to Robert G. Stubbe, the director of the City's Public Works Department, stating that Krause intended

to file a "citizen suit" under RCRA.[1] Krause also mailed a copy of his notice to the Administrator of the United States Environmental Protection Agency ("EPA"), the Regional Administrator for EPA Region 7, and the Administrator of the Nebraska Department of Environmental Quality Waste Management Division.

Sections of Carter Lake Shore Drive West and Carter Lake Shore Drive North (the "streets") are in a floodplain and do not have curbs or storm drains. Since at least the 2013-2014 winter season, the City applied road salt to the streets for snow and ice control during the winter season. The road salt applied by the City remains on the streets until it is carried by runoff to the dirt shoulders that line the streets. Road salt is hazardous to wildlife, land, and water resources.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint 'need not include detailed factual allegations.'" *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 406 (8th Cir. 2013) (quoting *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629 (8th Cir. 2010)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (quoting *Bell Atlantic Corp v. Twombly* 550 U.S. 544, 555 (2007)). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 535 (quoting *Twombly* 550

---

[1] The City has not disputed that Krause followed proper procedure to bring a "citizen suit" under the RCRA.

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) *cert. denied*, 133 S. Ct. 2354 (U.S. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009))(internal quotation marks omitted).

"Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)) (internal quotation marks omitted). "[L]egal conclusions can provide the framework of a complaint" but "must be supported by factual allegations," *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 679), that "raise a right to relief above the speculative level." *Id.* at 1014 (quoting *Twombly,* 550 U.S. at 555). When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555-556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "to withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to state a claim of relief that is plausible on its face." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (internal quotation marks omitted) (citing *Twombly* at 547).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Krause filed this suit pursuant to 42 U.S.C. § 6972(a)(1)(A) of the RCRA. "Congress passed the [RCRA] to remedy national problems caused by hazardous waste and solid waste disposal." *Blue Legs v. U.S. Bureau of Indian Affairs*, 867 F.2d 1094, 1096 (8th Cir. 1989). The RCRA provides for "citizen suits" against persons who are alleged to be in violation of the RCRA's requirements. *See* 42 U.S.C. § 6972. A private citizen may file an action under RCRA "against any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter . . . ." 42 U.S.C. § 6972(a)(1)(A). This provision permits citizen suits to compel the enforcement of an EPA or state equivalent permit, order, condition, or regulation for an ongoing or continuous violation. *See Gwaltney of Smithfield, Ltd. V. Chesapeake Bay Foundation, Inc*. 484 U.S. 49, 57 (1987) (interpreting "alleged to be in violation" language).

Krause alleges that the City violated the prohibition against open dumping contained in 42 U.S.C. § 6945 and 40 C.F.R. § 257.3-1(a). Under § 6945, "any solid waste management practice or disposal of solid waste or hazardous waste which

4

constitutes the open dumping of solid waste or hazardous waste is prohibited . . . ." Krause does not allege that road salt is hazardous waste; rather, he alleges that road salt constitutes solid waste. Krause also alleges that the City violated 40 C.F.R. § 257.3-1(a), which prohibits disposal practices in floodplains that result in washout of solid waste so as to pose a hazard to human life, wildlife, land, or water resources. Krause alleges that the City's application of road salt to the streets violates these provisions prohibiting certain types of disposal of solid waste. As a threshold matter, therefore, the Court must determine whether road salt constitutes "solid waste" under the RCRA.

Under the RCRA, solid waste is defined as "garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities . . . ." 42 U.S.C. § 6903(27); *see also* 40 C.F.R. § 257.2. It is not clear from a plain reading of the statute whether road salt constitutes solid waste under the RCRA. The Eighth Circuit has not directly considered the definition of solid waste under the RCRA. However, other courts have interpreted the RCRA's legislative history and provided guidance as to whether particular materials constitute solid waste. *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502 (9th Cir. 2013) ("Because the statute is ambiguous, we look to RCRA's legislative history.").

In *Pac. Gas & Elec.*, the Ninth Circuit considered whether PCP-based wood preservative that escaped from treated utility poles through normal wear and tear, was "solid waste" within the meaning of the RCRA. *Id.* at 515. In analyzing the definition of solid waste, the Ninth Circuit noted that the "RCRA was specifically designed to address

5

the 'waste disposal problem . . . .'" *Id.* (quoting *Am. Min. Cong. v. U.S. E.P.A.*, 824 F.2d 1177, 1185 (D.C. Cir. 1987)). The root of this problem was "the high 'volume of waste being generated and the capacity to dispose of that waste in the traditional manner[.]'" *Id.* (quoting H.R.Rep. No. 94–1491(I), at 9)). ''Accordingly, RCRA covers waste by-products of the nation's manufacturing processes, as well as manufactured products . . . once they have served their intended purposes and are no longer wanted by the consumer." *Id.* (internal quotation marks and citation omitted). Under the RCRA, the key to determining whether a manufactured product is solid waste, "is whether that product 'ha[s] served [its] intended purpose [ ] and [is] no longer wanted by the consumer.'" *Id.* (quoting H.R.Rep. No. 94–1491(I), at 9). In *Pac Gas & Elec.*, the court concluded that PCP-based wood preservative that escaped from treated utility poles through normal wear and tear while those poles were in use, was not a solid waste under the RCRA. The court explained that the preservative that escaped from the poles was "neither a manufacturing waste by-product" nor was it "a material that the consumer . . . no longer want[ed] and [had] disposed of or thrown away." *Id.*

Other courts have followed similar reasoning to determine that other materials were not solid waste until after they were discarded. *See No Spray Coal., Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (concluding that under the RCRA "material is not discarded until after it has served its intended purpose."); *Hendrian v. Safety-Kleen Sys., Inc.*, No. 08-14371, 2014 WL 117315, at *9 (E.D. Mich. Jan. 13, 2014) (concluding that "under the RCRA, a material or product is not classified as 'waste' until *after* it is discarded by the end-user.") (emphasis in original). In *No Spray*, the plaintiff claimed that when pesticides were sprayed onto or into the air, land, and waters of New

6

York City, they became discarded solid wastes within the meaning of RCRA. *No Spray*, 252 F.3d at 150. The court rejected this argument, concluding that pesticides were sprayed into the air to carry out their intended purpose of killing mosquitos and their larvae. *Id.* Accordingly, the pesticides were not "discarded" under the RCRA. *Id.*

The same reasoning applies in this case. Similar to the plaintiffs in *Pac. Gas & Elec.*, Krause has not alleged that the road salt was a manufacturing by-product or was material that the City no longer wanted on the roads for snow and ice control. Further, Krause admits in his Complaint that the road salt was placed on the roads "for snow and ice control during the winter season." (Filing No. 1 ¶ 27.) Therefore, just as the pesticides were applied for a specific use in *No Spray*, the City applied road salts to the roads to effectuate their intended purpose and they were not discarded under the RCRA.

Krause attempts to fit his claim within the regulatory definition of solid waste, apparently arguing that road salt constitutes "other discarded material." The EPA has defined "discarded material" to mean:

> . . . any material which is: (A) Abandoned, as explained in paragraph (b) of this section; or (B) Recycled, as explained in paragraph (c) of this section; or (C) Considered inherently waste-like, as explained in paragraph (d) of this section; or (D) A military munition identified as a solid waste in § 266.202.

40 CFR § 261.2(a)(2)(i). The regulations define "abandoned material" to mean material which is "(1) Disposed of; or (2) Burned or incinerated; or (3) Accumulated, stored, or treated (but not recycled) before or in lieu of being abandoned by being disposed of, burned, or incinerated." 40 CFR § 261.2(b). Krause does not allege road salt was

7

burned, incinerated, stored, or treated. Accordingly, Krause apparently argues that road salt should be considered solid waste because it was abandoned.

For the reasons already discussed, the Court concludes the City has not abandoned road salts under the RCRA. In *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 206 (2d Cir. 2009), a citizens' group alleged that a gun club was disposing of solid waste by leaving spent lead shot on the property. The district court in *Cordiano* requested the EPA to interpret 40 CFR § 261.2 to determine whether the lead was "discarded" under the regulation. *Id.* The EPA opined that such use did not violate the RCRA, and stated "the EPA has repeatedly stated that its regulatory jurisdiction under RCRA does not apply to products that are applied to the land in the ordinary manner of use, because such products are being used, not 'abandoned.'" *Id.* at 207 (internal quotation marks omitted). The Second Circuit held the EPA's interpretation of 40 CFR § 261.2 was entitled to deference, and concluded the EPA "reasonably determined that lead shot put to its ordinary, intended use, i.e., discharged at a shooting range, is neither 'material which is ... abandoned by being ... [d]isposed of,' nor '[a]ccumulated ... before or in lieu of being abandoned by being disposed of.'" *Id.* at 208 (quoting 40 C.F.R. § 261.2(a)(2)(i), (b)).

The Second Circuit's reasoning is persuasive in applying the RCRA and its regulations to the facts of this case. As noted above, Krause admits in his Complaint that the road salt was placed on the streets for snow and ice control. The EPA in *Cordiano* made clear its position that products applied to land in the ordinary manner of use are not abandoned under the RCRA and its regulatory framework. Accordingly, road salt put to its ordinary, intended use of snow and ice control is neither "material

8

which is ... abandoned by being ... [d]isposed of," nor "[a]ccumulated ... before or in lieu of being abandoned by being disposed of." 40 C.F.R. § 261.2(a)(2)(i), (b).

## CONCLUSION

The Court concludes that road salt is not "solid waste" under the RCRA, and therefore, Krause has not stated a claim for relief under the RCRA upon which relief can be granted. Accordingly, the City's Motion will be granted, and Krause's Complaint (Filing No. 1) will be dismissed with prejudice. Accordingly,

IT IS ORDERED:

1. The City's Motion to Dismiss (Filing No. 8) is granted;
2. The above-captioned action is dismissed with prejudice; and
3. A separate judgment will be entered.

Dated this 19th day of August, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge